# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LAMAR CLEVELAND, | Case No. CV 13-03243 VBF (MRW) |
| Petitioner, | ORDER DISMISSING HABEAS CORPUS PETITION FOR LACK OF JURISDICTION AND FOR FAILURE TO EXHAUST STATE-COURT REMEDIES; DENYING A CERTIFICATE OF APPEALABILITY |
| v. | |
| PAUL BABEU, Warden, | |
| Respondent. | |

The Court vacates the reference of this action to the Magistrate and dismisses this action.

This is petitioner's second habeas petition in this Court. The Court summarily dismissed a previous action based on petitioner's failure to state a claim or to comply with the exhaustion requirements of AEDPA. *See Cleveland v. State of California*, No. CV 12-09821-VBF (MRW), Documents 4 and 5 (C.D. Cal. Dec. 13, 2012). The current petition appears to involve the same issues raised in petitioner's earlier petition: his desire to expunge a 20-year-old state-court sex offense conviction from his criminal record. Petition at 5-6. According to the petition, Petitioner is in custody in Arizona based on state criminal charges. He claims that his Arizona state case relates in some way to convictions or dismissed charges in California state courts in the 1990s. He

contends that there is no "extrinsic evidence" of his prior convictions in writing and that he is being "defamed" by the existence of that case. *Id.* He therefore asks this federal court to "expunge" his state Superior Court conviction and sex-offender registration requirement. *Id.* at 1.

**As the Court explained in petitioner's earlier habeas action, this federal court does not have jurisdiction to consider his claims. First, petitioner is not in custody as a result of (that is, by serving a sentence for) any judgment from a state court in California.** 28 U.S.C. § 2254(a). Rather, as he alleges in his petition, he faces new criminal charges in an Arizona state court. A federal court in Los Angeles has no jurisdiction over that action. *Cf. Sills v. Busby*, 2012 WL 4107977, *5 (S.D. Cal. Sept. 19, 2012) ("Petitioner has not identified any authority that would allow a California court to dismiss an Oregon criminal proceeding. Accordingly, the Court concludes that the state court made an objectively reasonable decision in denying the petition . . . .").

**Second, to the extent that petitioner wishes to challenge the merits of his unidentified California state convictions – that is, to "expunge" those convictions – he has not presented those claims to a state court for consideration.** 28 U.S.C. § 2254(b)(1)(A-B). When considering a habeas corpus petition that is governed by AEDPA, a federal court may not grant relief to a person in state custody unless (1) the petitioner has exhausted state-court remedies, (2) there is an absence of available state corrective process, or (3) circumstances render such state-court process ineffective to protect petitioner's federal rights. *See O'Sullivan v. Boerckel*, 526 U.S. 88, 839 (1999); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."). Nothing in the record suggests that there is an absence of corrective process available to petitioner in the state courts with regard to these claims.

Nor is there any evidence that the respondent has waived the exhaustion requirement. AEDPA provides that "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, *expressly* waives

the requirement." 28 U.S.C. § 2254(b)(3) (emphasis added). *See Day v. McDonough*, 547 U.S. 198, 206 n.4, 126 S. Ct. 1675, 1682 n.4 (2006); *see, e.g., Bell v. Lewis*, 462 F. App'x 692, 693 (9th Cir. 2011) ("The State's failure to raise the exhaustion issue in its supplemental brief is also not a waiver because it was not express.") (citing 28 U.S.C. § 2254(b)(3))).

Therefore, petitioner has not exhausted his state-court remedies, and that provides a basis for this Court to decline to consider his claims. *See Karnes v. Premo*, No. 12-35163, 2013 WL 1277430, *1 (9th Cir. Mar. 29, 2013) (not in F.3d or F. App'x) ("Karnes did not raise his claim . . . to the Oregon Court of Appeals on direct appeal. A habeas petitioner must fairly present his federal claims 'in each appropriate state court' in order to satisfy AEDPA's exhaustion requirement, so this claim is procedurally defaulted.") (quoting *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (citations omitted)); *Bartholomew v. Haviland*, 467 F. App'x 729, 730-31 (9th Cir.) (affirming dismissal of petitioner's federal due process claims for failure to exhaust state remedies), *cert. denied*, – U.S. –, 132 S. Ct. 2396 (2012).

**Last but not least, Petitioner's current action is indistinguishable from his earlier federal habeas petition filed in this district and thus is a "second or successive petition."** AEDPA provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Therefore, with an exception not applicable here,[1] before filing this second petition raising the same issues as his prior federal habeas petition, petitioner was required to seek and obtain leave from the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

---

[1]

"In *Panetti v. Quarterman*, 551 U.S. 930, 127 S. Ct. 2842 . . . (2007), a capital case, the Supreme Court held that competency-to-be-executed claims based on *Ford v. Wainwright*, 477 U.S. 399, 106 S. Ct. 2595 . . . (1986) were exempt from AEDPA's 'second or successive' requirements." *United States v. Lopez*, 577 F.3d 1053, 1056 (9th Cir. 2009). Petitioner does not allege that this petition concerns a capital case.

-3-

appeals for an order authorizing the district court to consider the application."); *see also Rodriguez v. Valensuela*, 2012 WL 3776497, *1 (C.D. Cal. Aug. 29, 2012) (Wu, J.) ("It is not the district court . . . that decides whether a . . . petition meets the requirements permitting a petitioner to file a second or successive petition."). To obtain such leave to file, petitioner would have shouldered the burden of satisfying a Ninth Circuit panel that his petition satisfies the requirements of 28 U.S.C. § 2255(h), which provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain:
>
> (1) newly discovered that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

This failure alone also provides another independent basis for dismissal of Cleveland's petition for lack of jurisdiction. *See, e.g.*, dismissing habeas petition for lack of jurisdiction as a "second or successive" petition filed without leave of the Circuit: *Knisley v. Vasquez*, 2013 WL 2154010, *2-*3 (C.D. Cal. May 15, 2013) (Feess, J.); *Scott v. California*, 2013 WL 1869032 (C.D. Cal. May 3, 2013) (Real, J.); *Adams v. Chappell*, 2013 WL 1680128 (C.D. Cal. Apr. 17, 2013) (Collins, J.); *Melchor v. Biter*, 2013 WL 1499688 (C.D. Cal. Apr. 8, 2013) (Carney, J.); *Secundino v. Figueroa*, 2013 WL 1010551 (C.D. Cal. Mar. 13, 2013) (Carter, J.); *Carr v. Janda*, 2013 WL 419231 (C.D. Cal. Jan. 30, 2013) (Fairbank, J.); *Truax v. Sandor*, 2012 WL 3810260, *1 (C.D. Cal. Aug. 30, 2012) (King, J.); *Rosas v. Sanders*, 2012 WL 4107819, *3 (C.D. Cal. Aug. 13, 2012) (Wilner, M.J.) ("Because petitioner did not obtain permission from the court of appeals to bring a successive motion under Section 2255, this Court does not have jurisdiction . . . ."), *R&R adopted*,

2012 WL 4174989 (C.D. Cal. Sept. 17, 2012) (Pregerson, J.).

### PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Absent a certificate of appealability ("COA") from the circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255," *Chafin v. Chafin*, – U.S. –, 133 S. Ct. 1017, – (2013) (Ginsburg, J., joined by Scalia & Breyer, JJ., concurring), or section 2254, and "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant", Rule 11(a) of the Rules Governing Section 2254 Cases.

A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case *sub judice*, reasonable jurists would not find it debatable whether Cleveland's petition is subject to dismissal for lack of subject-matter jurisdiction; nor would they find it debatable that this petition is subject to dismissal for failure to exhaust administrative remedies. In short, the questions raised by petitioner's claims are not "'adequate to deserve encouragement to proceed further.'" *Jennings v. Baker*, – F. App'x –, 2013 WL 830610, *1 (9th Cir. 2013) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

### ORDER

The 28 U.S.C. § 2254 habeas corpus petition is **DISMISSED** for lack of jurisdiction and for failure to exhaust state-court remedies.

The Court **DECLINES** to issue a certificate of appealability.

As required by Fed. R. Civ. P. 58(a), the judgment is being issued as a separate document.[2]

---

[2] See *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013) (adopting opinion which stated, "The Court will issue a separate Judgment as required by Rule 58(a)"); *Solis v. County of Los Angeles*, 514 F.3d 946, 951 (9th Cir. 2008) (n.5 omitted). Accord *Kraus v. Taylor*, Nos. 10-5261 and (continued...)

This is a final order, but it will not be appealable until and unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.[3]

IT IS SO ORDERED.

DATED: May 29, 2013

*[signature]*

HON. VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

---

[2](...continued)
10-5262, – F.3d –, 2013 WL 1845446, *3 (6th Cir. May 3, 2013) ("[T]he district court did not enter its judgments in a 'separate document' as required by Federal Rule of Civil Procedure 58(a) . . . .").

[3] See *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012). Fed. R. App. P. 22(b)(1) provides *inter alia* that "[i]f the district judge has denied the certificate [of appealability], the applicant may request a circuit judge to issue it." *See also* 9TH CIR. R. 22-1(a) ("The court of appeals will not act on a motion for a COA if the district court has not ruled [on the COA] first.").